## COMMONWEALTH *v.* MARY BROWN.

[Charged with infanticide, and concealing the death of her bastard
   child.]

AFTER the testimony had concluded, the RECORDER
said, the facts which appear are these:

That the prisoner was delivered of a living child;
that when accused of having been so delivered, she did
not deny it; that she was not aware of her condition
prior to the delivery; that the time when, or under what
circumstances, the child died, are not known nor pre-
tended to be susceptible of clear proof; no facts were in
evidence which raise the presumption that the prisoner
either killed her offspring, or that she was even aware
of its death. As to the charge of concealment, the evi-
dence strongly proves that if any concealment existed,
it was to conceal its *birth.* Under the act of assembly of
the 17th of April, 1794, the words of which are "if any
female shall endeavour privately, either by herself or
the procurement of others, to conceal the *death,* &c.,"
the only criminal act is, the concealment of the *death.*
So that if the *birth* is concealed, and death unknown to
the mother, or even suspected by her or her friends or
companions, it seems under the words of the act, that
the death following the concealment of the *birth,* is no
crime.

In the case of Commonwealth *v.* Emenetta Clark, 2
Ashmead 111, judge King has so construed the law as

to place it beyond doubt, that after the birth, the death must so be concealed as to prevent its being brought to light, whether it was born dead or alive, or whether it was murdered or not. The commonwealth has failed to establish two facts material to this case: 1st, that the child was a bastard: 2d, that the prisoner endeavoured to conceal the death of the child. The facts go strongly to show, that the child died by the usage it received from the time the mother was taken in labour, to the time the dead body was discovered. The idea of the murder of the child by its mother, is not in the least degree sustained by the evidence; that the child was born alive is clear, and the only charge left to be considered, is whether the concealment is such as under the statute is constituted a criminal offence. It has been ably argued by *Mr. Kelley & Mr. Cuyler*, prisoner's counsel, that the charge of concealment is only a concealment of the *birth*, and therefore not punishable.

It does appear to me that the position of the prisoner's counsel is sound, and the prisoner is therefore discharged. To punish such offences in future, the legislature should explain the law referred to; as it stands in the statute book, it is almost a dead letter.